IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOEY JAMES HICKS,

                    Petitioner,                                        ORDER

          v.                                                     08-cv-0497-bbc

JODINE DEPPISCH, Warden,
Fox Lake Correctional Institution,

                    Respondent.

Petitioner Joey James Hicks, an inmate at the Fox Lake Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the five dollar filing fee.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner challenges his March 10, 2006 guilty plea and resulting judgment of conviction in the Circuit Court for Adams County for one count of theft of movable property in violation of Wis. Stat. § 943.20(1)(a) and punishable as a Class H felony under Wis. Stat. § 943.20(3)(bm).  Documents attached to the petition show that on August 4, 2006, the circuit court sentenced petitioner to a six-year term of imprisonment, consisting of three years of confinement followed by three years of extended supervision, and ordered him to pay restitution in the amount of $3,735.15.  Petitioner alleges that the trial court calculated incorrectly the amount and value of rail that he stole from property owned by Union Pacific Railroad, resulting in a sentence and restitution amount that were too high.

Petitioner alleges that he did not understand that he was pleading guilty to a class H felony and argues that if the calculations had been correct, the maximum penalty would be a class I felony under § 943.20(3)(bm).  He also contends that he was never given notice that he was going to be charged with rail he sold in Fond du Lac County.

This is petitioner's second habeas petition filed in this court challenging his Adams County conviction.  On September 19, 2007, I dismissed his first petition without prejudice for his failure to exhaust his state court remedies, noting that petitioner's direct appeal from his conviction was still pending and that this court would not consider a § 2254 petition until the state courts had completed their review of his claims.  Documents attached to the instant petition show that on January 18, 2008, the Wisconsin Court of Appeals rejected the no-merit report that had been submitted by petitioner's appellate lawyer, dismissed the appeal without prejudice, granted petitioner 45 days in which to file a postconviction motion and remanded the case to the circuit court.  According to state court records available electronically, on January 28, 2008, petitioner filed a postconviction motion to vacate his sentence, a motion that was denied by the circuit court on February 12, 2008.  Wisconsin Circuit Court Access for Adams County Case Number 2005C0078, available at http://wcca.wicourts.gov (visited September 4, 2008).  A no-merit appeal filed by petitioner's lawyer is now pending in the court of appeals.  Id.; see also Wisconsin Supreme Court and Court of Appeals Case Access for Appeal Number 2008AP00739-CRNM, available at

http://wscca.wicourts.gov (visited September 4, 2008).  Thus, because petitioner has not yet completed the direct appeal process, he still has not exhausted his state court remedies.

Petitioner complains that his appellate lawyer has not complied with the remand and other orders of the Wisconsin Court of Appeals and did not consult with him before filing the postconviction motion.  Petitioner presented these and other complaints to the Wisconsin Supreme Court in a document entitled "Petition for enforcement of the following rules of Habeas Corpus §§ 782.09, 782.13 and 782.20."  On May 8, 2008, that court issued an order stating that it would take no action on the document.  It explained that petitioner could raise his arguments in the context of the appeal that was pending in the court of appeals.

Pursuant to 28 U.S.C. § 2254(b)(1)(B), an applicant for federal habeas relief may be excused from compliance with the exhaustion requirement if there is an absence of available state corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant."  Neither of these situations is present here.  When a petitioner claims that he cannot obtain relief from the state courts, the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim.  White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993).  Wisconsin's appellate review system provides an effective process for protection of petitioner's rights.  A petitioner "cannot simply opt out

3

of the state review process because he is tired of it or frustrated by the results he is getting."
Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995).

Presumably, petitioner has had or will have an opportunity to file a response to his lawyer's no-merit brief in the state court of appeals.  In that response, petitioner may raise his numerous complaints about the fairness of his conviction and the appellate process. However, he may not short-circuit the state court review process by coming straight to federal court simply because he believes the state courts are taking too long or because they have rejected his *pro se* motions.  When petitioner has exhausted his state court remedies in this case – including his petition for review to the Wisconsin Supreme Court, see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) – he may return to this court to seek relief under §2254.


ORDER

IT IS ORDERED that petitioner Joey James Hicks's petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.  The clerk of court is directed to enter judgment closing this case.

Entered this 4th day of September, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4