IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEY JAMES HICKS,

                Petitioner,                          ORDER

      v.                                             08-cv-497-bbc

JODINE DEPPISCH, Warden,
Fox Lake Correctional Institution,

                Respondent.

---

      Petitioner Joey James Hicks has filed a motion for reconsideration of the court's order and judgment entered September 5, 2008, in which I dismissed without prejudice his petition for a writ of habeas corpus.  Petitioner contends that I erred in my conclusion that he has not yet exhausted his state court remedies.  Because petitioner filed his motion more than 10 days after judgment was entered, I consider the motion under Fed. R. Civ. P. 60(b).

      Having considered petitioner's motion, I am satisfied that I did not err in finding that he had not yet exhausted his state court remedies with respect to his conviction in Adams County case no. 05CF0078.  A no-merit appeal related to that case is pending in the Wisconsin Court of Appeals, appeal number 2008AP0739-CRNM. Wisconsin Supreme Court and Court of Appeals Case Access for Appeal Number 2008AP00739-CRNM, available at http://wscca.wicourts.gov (visited October 9, 2008).  Although petitioner cites to appeal number 2007AP1058 as proof that he already completed his appeal, that appeal

was dismissed and the case remanded to the circuit court after the appellate court rejected the no-merit report filed by petitioner's lawyer.  Contrary to petitioner's assertion, that appeal did not end in a resolution of the merits of petitioner's claims.  Moreover, it is no longer open.  The new no-merit appeal, filed after post-remand proceedings in the circuit court, is 2008AP0739.  I encourage petitioner to raise all of his challenges to his conviction in the context of that appeal.

In his cover letter accompanying his motion for reconsideration, petitioner asks in the alternative that I issue a certificate of appealability so that the Court of Appeals for the Seventh Circuit can review his case.  I decline to do so.  In a habeas case decided on procedural grounds, a certificate of appealability shall issue only if jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  My conclusion that petitioner has not exhausted his state court remedies is not debatable given that petitioner's direct appeal from his conviction is still pending.

If petitioner seeks to appeal to the Seventh Circuit, he must first file in district court a notice of appeal, accompanied by either the $455 filing fee or an application for leave to proceed *in forma pauperis*.  Further, because his 30-day deadline for filing an appeal has expired, Fed. R. Civ. P. 4(a), he should <u>promptly</u> file a motion for an extension of his appeal deadline.  Fed. R. Civ. P. 4(a)(5).

ORDER

IT IS ORDERED that:

1. Petitioner's motion for reconsideration is DENIED.

2. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the petitioner may request a circuit judge to issue the certificate.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge